**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **ANTWAN M. CARTWRIGHT,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:18-cv-01212** |
| | ) | **Judge Trauger** |
| **GRADY PERRY, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**MEMORANDUM**

Antwan Cartwright, a state prisoner, filed a *pro se* petition for the writ of habeas corpus

under 28 U.S.C. § 2254 ("Petition"). (Doc. No. 1.) The respondent filed a Motion to Dismiss the

Petition as untimely (Doc. No. 10), and the petitioner filed a Response (Doc. No. 13). For the

following reasons, the respondent's motion will be granted and this action will be dismissed.

**I.     Background**

In January 2012, a Davidson County grand jury indicted the petitioner for first degree

murder, especially aggravated robbery, and attempted aggravated robbery. (Doc. No. 9-1 at 3–7.)

As part of a plea agreement, the parties agreed that the petitioner would plead guilty to second

degree murder and that the two robbery counts would be dismissed. (*Id.* at 9–11.) The parties also

agreed that the petitioner would be sentenced to 25 years' imprisonment at 100% service, to be

served consecutively to sentence in a prior case. (*Id.* at 10.) On April 3, 2014, the court accepted

the agreement and sentenced the petitioner accordingly. (*Id.* at 8, 12.) The petitioner did not file a

direct appeal.

The petitioner did, however, pursue collateral review in the Tennessee state courts. He

certified that he gave his *pro se* petition for post-conviction relief to prison officials for mailing on

January 12, 2015 (*id.* at 32), and the Davidson County Criminal Court stamped it filed on January 16 (*id.* at 13). The court appointed counsel (*id.* at 33), and the petitioner filed an amended and supplemental petition (*id.* at 34–39). The court held an evidentiary hearing (Doc. No. 9-2), and then denied relief in October 2015 (Doc. No. 9-1 at 41–49.) The petitioner appealed, and the Tennessee Court of Criminal Appeals ("TCCA") affirmed the post-conviction court's judgment on September 19, 2016. *Cartwright v. State*, No. M2015-02138-CCA-R3-PC, 2016 WL 5210769, at *1, 6 (Tenn. Crim. App. Sept. 19, 2016). The petitioner did not request permission to appeal to the Tennessee Supreme Court.

The petitioner signed his federal habeas petition on October 22, 2018 (Doc. No. 1 at 17), the prison mailing room stamped it received on October 26 (*id.* at 25), and this court received the Petition on October 29 (*id.* at 1, 25).

## II.     Timeliness of the Petition

There is a one-year statute of limitations for the filing of habeas corpus petitions. 28 U.S.C. § 2244(d)(1). This one-year period begins to run "from the latest of" four dates, one of which is relevant here—"the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). The running of the limitations period, however, is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

Here, the trial court entered judgment on April 3, 2014. The petitioner then had thirty days to file a direct appeal, Tenn. R. App. P. 4(a), but he did not do so. Thus, the petitioner's judgment became final upon expiration of the thirty-day period, or May 5, 2014.[1] *See Feenin v. Myers*, 110

---

[1] The thirtieth day after April 3, 2014 was Saturday May 3, 2014. Thus, the deadline for the petitioner to file a direct appeal extended to Monday, May 5, 2014. *See* Tenn. R. App. P. 21(a).

F. App'x 669, 671 (6th Cir. 2004). The one-year statute of limitations began running the next day, Fed. R. Civ. P. 4(a)(1)(A), so the petitioner had one year from May 6, 2014, to file a habeas corpus petition.

On January 12, 2015—251 days after the petitioner's judgment became final—the petitioner certified that he gave his *pro se* state post-conviction petition to prison officials for mailing. The respondent concedes that the limitations period began tolling on this date, rather than the date the Davidson County Criminal Court received the post-conviction petition. (Doc. No. 11 at 3 (citing Tenn. Sup. Ct. R. 28, Section 2(G).)[2] The TCCA affirmed the post-conviction court's denial of relief on September 19, 2016. The petitioner then had sixty days to file an application for permission to appeal to the Tennessee Supreme Court. Tenn. R. App. P. 11(b). He did not do so. The petitioner's state post-conviction proceeding, therefore, was no longer pending upon expiration of this sixty-day period, or November 18, 2016, and the limitations period resumed on November 19, 2016.

At that time, the petitioner had 114 days remaining of the one-year statute of limitations. Thus, the last day that the petitioner could file a timely federal habeas corpus petition was March 13, 2017. The court deems the Petition to be filed on October 22, 2018, the date that the petitioner signed it. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (citations omitted) (explaining that, "absent contrary evidence," courts in the Sixth Circuit assume that a prisoner delivers a filing to prison officials for mailing "on the date he or she signed" it). The Petition is therefore untimely by over nineteen months.

---

[2] As the Eastern District of Tennessee recently explained, however, the plain language of the Tennessee Supreme Court rule cited here "does not specify the date" to deem filed a prisoner's *pro se* post-conviction filing that is *timely*. *See Shade v. Washburn*, No. 3:19-CV-051, 2019 WL 3557872, at *1 n.1 (E.D. Tenn. Aug. 5, 2019) (discussing whether Tenn. Sup. Ct. R. 28, Section 2(G) establishes the "prison mailbox rule" for all filings by *pro se* prisoners in state post-conviction proceedings). Nonetheless, the court assumes that tolling began on the January 12 date of signing in this case, though using the later January 16 date of receipt would not alter the court's analysis.

### III.     Equitable Tolling

The petitioner concedes that the Petition is untimely but argues that he is entitled to equitable tolling. (Doc. No. 14 at 4–5.) The "one-year limitations period is not a jurisdictional bar and is subject to equitable tolling in certain instances." *Ata v. Scutt*, 622 F.3d 736, 741 (6th Cir. 2011) (citing *Holland v. Florida*, 560 U.S. 631, 645 (2010)). A petitioner seeking equitable tolling bears the burden of establishing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Ata*, 662 F.3d at 741 (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)) ("[T]he petitioner bears the ultimate burden of persuading the court that he or she is entitled to equitable tolling."). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by federal courts. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011).

Here, the petitioner states that he was unaware of both the legal basis for the Petition and the applicable statute of limitations, and that he did not have the financial resources necessary to hire legal assistance. (*Id.* at 5–7.) It was not until his father retained counsel to review his case in October 2018, the petitioner argues, that he learned he "could collaterally attack his guilty plea via a writ of habeas corpus in the federal courts." (*Id.* at 7.) According to the petitioner, he exercised diligence by filing the Petition later that month. (*Id.*) Additionally, in the underlying Petition, the petitioner states that he has a "long history of mental illness and lack of comprehension which prevents him from understanding and fully comprehending complex subjects such as legal proceedings." (Doc. No. 1 at 12.)

These arguments do not entitle the petitioner to equitable tolling. His lack of knowledge regarding the basis of his claim and the operation of the limitations period is not an "extraordinary

circumstance" for these purposes, as well-settled precedent holds that "'ignorance of the law alone is not sufficient to warrant equitable tolling.'" *Thomas v. Romanowski*, 362 F. App'x 452, 455 (6th Cir. 2010) (quoting *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004)). The petitioner's assertion that he was unable to afford legal assistance during this period does not alter this result. *See Boylen v. Hudson*, No. 5:07CV01697, 2008 WL 3822291, at *7 (N.D. Ohio May 16, 2008) (citations omitted) ("Courts in [the Sixth Circuit] have consistently found that extraordinary circumstances, justifying equitable tolling, do not exist simply because a petitioner . . . does not have access to or cannot afford professional legal assistance . . . .").

Finally, although "mental incompetence can constitute an extraordinary circumstance" for equitable tolling purposes in some situations, *Stiltner v. Hart*, 657 F. App'x 513, 521 (6th Cir. 2016) (citing *Ata*, 662 F.3d at 742), that is not so here. "To obtain equitable tolling based on mental incompetency, 'a petitioner must demonstrate that (1) he is mentally incompetent and (2) his mental incompetence caused his failure to comply with AEDPA's statute of limitations.'" *Kitchen v. Bauman*, 629 F. App'x 743, 747 (6th Cir. 2015) (quoting *Ata*, 662 F.3d at 742). Even if the court were to credit the petitioner's blanket assertion of mental difficulties in the Petition, he does not attempt to explain how these difficulties caused his failure to comply with the statute of limitations. Instead, the petitioner offers these mental difficulties in support of his underlying claim that his guilty plea was not knowing and voluntary. (Doc. No. 1 at 12.) But the petitioner's mental state during a plea hearing in state court does not establish the necessary "causal link between the mental condition and untimely filing" of his federal habeas petition. *See Ata*, 662 F.3d at 742 (citing *McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008)).

In sum, the petitioner filed the Petition about nineteen months after the limitations period expired, and he has not demonstrated that he diligently pursued his rights during that time, or that

he faced an "extraordinary circumstance" that prevented timely filing. Thus, the petitioner is not entitled to equitable tolling.

## IV.     Conclusion

For these reasons, the Petition is untimely and it is not subject to equitable tolling. Accordingly, the respondent's Motion to Dismiss (Doc. No. 10) will be granted, the Petition will be denied, and this action will be dismissed.

A petitioner may not appeal an adverse final order in a habeas corpus proceeding unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition [is] denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 253 (6th Cir. 2017) (quoting *Slack*, 529 U.S. at 484). Here, the court concludes jurists of reason would not disagree that the Petition is barred by the statute of limitations, and will therefore deny a COA.

An appropriate order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge